**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOANN MORRIS,** )<br>)<br>          **Plaintiff,** )<br>)<br>v. )<br>)<br>**PORTFOLIO RECOVERY ASSOCIATES, LLC,** )<br>)<br>          **Defendant.** )<br>_____) | **Case No. 2:14-cv-02612** |

**MEMORANDUM AND ORDER**

Plaintiff Joann Morris filed this action against defendant Portfolio Recovery Associates, LLC, alleging that defendant violated 15 U.S.C. § 1692d of the Fair Debt Collection Practices Act ("FDCPA") by repeatedly calling plaintiff. Plaintiff seeks remedial damages, the costs associated with the action, and reasonable attorney's fees. Defendant filed a Motion to Dismiss (Doc. 21). In support of the motion, defendant argues that 15 U.S.C. § 1692c(c) governs plaintiff's claim instead of § 1692d. Defendant also contends that plaintiff failed to allege the phone calls constituted harassment, oppression, or abuse under § 1692d of the FDCPA. For the following reasons, the court denies defendant's motion.

**I.      Factual Background**

Plaintiff currently resides in Emporia, Kansas. Plaintiff's son incurred a debt and subsequently defaulted. The debt was then transferred to defendant, a foreign corporation that maintains a location in Topeka, Kansas. Defendant is in the business of debt collection and frequently called plaintiff to collect the debt. Plaintiff informed defendant that her son did not live with her and requested that defendant stop calling. But defendant continued to call plaintiff, including several times per day in October and November 2014.

Based on defendant's continued calls, plaintiff claims a violation of 15 U.S.C. § 1692d, which prohibits harassment or abuse in connection with the collection of a debt.  Plaintiff also alleges a violation of § 1692d(5), which prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

## II.     Legal Standard

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).  The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable.  *Id*.

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court construes any reasonable inferences from these facts in favor of the plaintiff.  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  In reviewing the sufficiency of a complaint, the court determines whether the plaintiff is entitled to offer evidence to support her claims—not whether the plaintiff will ultimately prevail.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

**III.     Discussion**

     **A.  Plaintiff properly filed the claim under 15 U.S.C. § 1692d.**

Defendant argues that § 1692c(c) is the operative portion of the FDCPA for plaintiff's claim because plaintiff requested that defendant cease debt collection efforts.  The express purpose of the FDCPA is to eliminate abusive debt collection practices.  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).  In particular, § 1692c(c) prohibits a debt collector from communicating with a consumer after the consumer requests in writing that the collector cease further communication.  15 U.S.C. § 1692c(c).  And the FDCPA defines "consumer" as any natural person obligated to pay a debt, *id.* § 1692a(3), which means that § 1692c(c) only protects debtors.  *Montgomery v. Huntington Bank*, 346 F.3d 693, 696–97 (6th Cir. 2003).

Section 1692d, however, contains no such limitation.  *Id.*  Section 1692d prohibits a debt collector from engaging in any conduct that the natural consequence of which is to harass, oppress or abuse "any person" in connection with the collection of a debt.  15 U.S.C. § 1692d.  It also specifically prohibits debt collectors from causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass "any person" at the called number.  *Id.* § 1692d(5).

Defendant contends that plaintiff does not have a claim under § 1692c(c) because she is not a debtor.  In doing so, defendant attempts to create a standing issue by comparing plaintiff's actions to a section of the FDCPA intended to govern the debt collector's actions in relation to the debtor.  But here, plaintiff is not the debtor, which makes § 1692c(c) irrelevant.  The relevant portion of the FDCPA—§ 1692d—employs clear terminology that it is intended to govern the debt collector's actions in relation to "any person" in connection with the collection of a debt.  The plain language of the statute indicates that § 1692d is the correct portion of the FDCPA for plaintiff's claim.

Case law and the FDCPA's legislative history support this interpretation.  One of the purposes of the FDCPA is that every person, including non-debtors, has a right to be treated in a reasonable manner.  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985).  With regard to a debt collector telephoning a non-debtor to collect a debt, courts have repeatedly allowed the non-debtor to file suit under § 1692d.  *See*, *e.g., Meadows v. Franklin Collection Serv.*, 414 F. App'x 230 (11th Cir. 2011) (permitting claim under § 1692d of the FDCPA based on telephone calls to a non-debtor); *Jeter v. Alliance One Receivables Mgmt.*, No. 10-2024-JWL, 2010 WL 2025213, at *10 (D. Kan. May 20, 2010) (same); *Bank v. Pentagroup Fin., LLC*, No. 08-CV-5293, 2009 WL 1606420, at *5 (E.D.N.Y. June 9, 2009) (same); *Kerwin v. Remittance Corp.*, 559 F. Supp. 2d 1117, 1123 (D. Nev. 2008) (same).  Furthermore, the legislature explicitly stated that the FDCPA was drafted with the intent to protect non-debtors and family members of the debtor.  *Jeter*, 2010 WL 2025213, at *10.  As shown in the house report:

> This bill also protects people who do not owe money at all.  In the collector's zeal, collections effort[s] are often aimed at the wrong person either because of mistaken identity or mistaken facts.  This bill will make collectors behave responsibly towards people with whom they deal.  Another group of people who do not owe money, but who may be deliberately harassed are the family, employer and neighbors of the consumer.  These people are also protected by this . . . bill.

H.R. Rep. No. 131, 95th Cong. 1st Sess. 8.

Disallowing plaintiff to bring suit under § 1692d would not only contradict case law, but it would also disregard the legislature's motive for drafting the bill.  Congress intended to protect non-debtors like plaintiff by § 1692d, and plaintiff properly filed her claim.

### B.  Plaintiff plausibly states a claim for relief under 15 U.S.C. § 1692d.

Defendant argues that plaintiff failed to allege that she was harassed, oppressed, or abused by defendant's phone calls.  Defendant cites several cases holding that repeatedly calling a <u>debtor</u> does not necessarily constitute harassment.  *See*, *e.g., Webb v. Premiere Credit of N. Am., LLC*, No. 12-CV-

-4-

2001 JAR/KGS, 2012 WL 5199754, at *3 (D. Kan. Oct. 22, 2012) (finding no intent to harass when a debt collector called a debtor up to six times a day); *Carmen v. CBE Grp.*, 782 F. Supp. 2d 1223, 1227, 1232 (D. Kan. 2011) (calls up to four times a day to a debtor did not violate § 1692d); *Dudley v. Powell Law Office, P.C.*, No. C11-5409RBL, 2011 WL 4544632, at *1 (W.D. Wash. Sept. 29, 2011) (dismissing § 1692d claim when debtor alleged that debt collector called four times per day).

Defendant's citations are not persuasive because courts have implicitly applied a less stringent standard for non-debtors to bring suit under the FDCPA than debtors. In *Meadows v. Franklin Collection Serv.*, a non-debtor brought suit under § 1692d for telephone calls received in connection with debt collection. 414 F. App'x 230, 231–32 (11th Cir. 2011). Even though the plaintiff received less than a call per day on average, the Eleventh Circuit denied the debt collector's motion for summary judgment. *See id.* at 233.

Similarly, in *Jeter v. Alliance One Receivables Mgmt.*, a non-debtor filed § 1692d and § 1692d(5) claims in the District of Kansas. *Jeter*, 2010 WL 2025213, at *3. The plaintiff alleged he was a non-debtor who received numerous phone calls from a debt collector. *Id.* Although the plaintiff advised the debt collector that he was not the debtor, the debt collector continued to call. *Id.* Furthermore, the plaintiff alleged that the defendant possessed electronic records of all calls made to the plaintiff. *Id.* at *14. The defendant filed a motion to dismiss. *Id.* at *1. In support of the motion, the defendant claimed that the plaintiff failed to sufficiently allege harassment or abuse. *Id.* at *15. The defendant noted that the plaintiff did not state the date of the first call, how many calls he received, the content of the calls, or an explanation of how the calls constituted harassment. *Id.* The court denied the motion to dismiss, because under the *Twombly* standard the plaintiff's allegations must only be specific enough to establish plausibility and fair notice. *Id.* at *15, *19. Detailed factual allegations are not required for a straightforward FDCPA claim. *Id.* at *17. Therefore, the court

determined that the plaintiff's § 1692d claims sufficiently established plausibility and fair notice by alleging the defendant continued to call the plaintiff after being advised the plaintiff was not the debtor. *Id.* at *16.

The factual allegations in *Jeter* are nearly identical to plaintiff's claim. Plaintiff is a non-debtor who received numerous calls from a debt collector. Plaintiff advised the debt collector that she was not the debtor, but the debt collector continued to call. Plaintiff also alleges that the debt collector possesses records of the calls. Similar to *Jeter*, plaintiff sufficiently linked her factual allegations to a straightforward FDCPA claim by alleging defendant continued to call plaintiff after being advised that plaintiff was not the debtor. Plaintiff established plausibility and provided fair notice to defendant under the *Twombly* standard.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's FDCPA Complaint (Doc. 21) is denied.

Dated this 27th day of July, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**